IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUTHER S. RYALS, JR.          :          CIVIL ACTION
                              :
          v.                  :
                              :
MONTGOMERY COUNTY, et al.     :          NO. 12-5439

## MEMORANDUM

STENGEL, J.                              SEPTEMBER _Ɔ𝑌_ , 2012

Luther S. Ryals, Jr., a prisoner incarcerated at the State Correctional Institution at Camp Hill, brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against Montgomery County; the Montgomery County District Attorney; Prince Holloway, an Assistant District Attorney in Montgomery County; the Pottstown Police Department; Detective Edward C. Kropp Sr. of the Pottstown Police Department; Douglas B. Breidenbach, Jr.; Judge Paul W. Tressler of the Montgomery Court of Common Pleas; and Magisterial District Judge Thomas A. Palladino.[1]  Plaintiff seeks to proceed in forma pauperis.  For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]Plaintiff did not list Holloway, Judge Tressler, Judge Palladino, or Detective Kropp in the caption of his complaint as required by Federal Rule of Civil Procedure 10(a).  However, he lists them as defendants on the second page of his complaint and clearly intends to bring claims against them.  Accordingly, the Court will consider them to be defendants in this case.

1

I.   **FACTS**[2]

Plaintiff's claims are based on his arrest, prosecution, and allegedly "illegal" conviction in the Montgomery Court of Common Pleas on various drug-related charges.  Plaintiff was arrested in connection with those charges on September 10, 2008.  He claims that, at the time of his arrest, the affidavit of probable cause attached to the criminal complaint against him was not signed by a Magistrate Judge.  He claims that the document was subsequently altered by Detective Kropp of the Pottstown Police Department, who allegedly forged Magistrate Judge Palladino's signature on the affidavit of probable cause.

Plaintiff asserts that he informed his attorney, Douglas B. Breidenbach, Jr. of the alleged forgery prior to his trial, which commenced on July 28, 2010.  Attachments to the complaint reflect that plaintiff raised issues concerning the affidavit of probable cause in a January 22, 2010 letter to Breidenbach, and that he specifically noted the forgery concern in a meeting with Breidenbach on July 15 or 16 of 2010.  (Compl. Exs. 5 & 6.)  Attorney Breidenbach did not raise the issue with Judge Tressler, who presided over plaintiff's criminal proceedings, although plaintiff himself brought the issue to the Judge's attention.  Nevertheless, Judge Tressler "failed to take action on this matter or at the minimum order an investigation" and allowed

---

[2]The following facts are taken from the complaint, the exhibits attached thereto, and the publicly available dockets of plaintiff's criminal proceedings.

plaintiff to be convicted and sentenced despite the alleged problems with the criminal complaint. Plaintiff also asserts that the Assistant District Attorney who prosecuted his case, Prince Holloway, committed prosecutorial misconduct for prosecuting him despite the alleged forgery.

Based on the above facts, plaintiff appears to be asserting false arrest, false imprisonment, malicious prosecution, and possibly due process claims pursuant to 42 U.S.C. § 1983. He asks this Court to order an investigation of the situation, dismiss his criminal sentence, and award him ten-million dollars in damages. He also asks the Court to suspend his lawyer from the practice of law for six to twelve months and to dismiss Detective Kopp from the police force.

II.  **STANDARD OF REVIEW**

Plaintiff is granted leave to proceed <u>in forma pauperis</u> because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), <u>see</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

3

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).
The Court may also consider exhibits attached to the complaint
and matters of public record.  Buck v. Hampton Twp. Sch. Dist.,
452 F.3d 256, 260 (3d Cir. 2006).  If an affirmative defense is
obvious from the face of the complaint, and if no development of
the record is necessary, the Court may dismiss any facially
invalid claims sua sponte.  See Ray v. Kertes, 285 F.3d 287, 297
(3d Cir. 2002).  As plaintiff is proceeding pro se, the Court
must construe his allegations liberally.  Higgs v. Att'y Gen.,
655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's request that this court vacate his sentence is
not cognizable in a § 1983 action and must instead be pursued via
a petition for a writ of habeas corpus.  See Preiser v.
Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is
challenging the very fact or duration of his physical
imprisonment, and the relief he seeks is a determination that he
is entitled to immediate release or a speedier release from that
imprisonment, his sole federal remedy is a writ of habeas
corpus.").  Furthermore, "to recover damages for allegedly
unconstitutional conviction or imprisonment, or for other harm
caused by actions whose unlawfulness would render a conviction or
sentence invalid, a § 1983 plaintiff must prove that the
conviction or sentence has been reversed on direct appeal,
expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by

4

a federal court's issuance of a writ of habeas corpus[.]"  Heck
v. Humphrey, 512 U.S. 477, 486-87 (1994)  (footnote and citation
omitted).  Plaintiff's malicious prosecution and due process
claims are premised on what he believes to be constitutional
deficiencies in his prosecution that invalidate his convictions
and related incarceration.  However, the complaint suggests, and
publicly available dockets confirm, that plaintiff's convictions
have not yet been reversed or otherwise invalidated.[3]
Accordingly, the Court will dismiss plaintiff's malicious
prosecution and due process claims because they are not
cognizable under § 1983.[4]

Plaintiff's false arrest and false imprisonment claims also

---

[3]The docket number for plaintiff's criminal case in the
Montgomery County Court of Common Pleas is CP-46-CR-0001198-2009.
The docket numbers for his state court appeals are 315 EDA 2011
and 335 EDA 2012.

[4]Additionally, plaintiff's claims against Judge Tressler,
which are based on how the Judge handled plaintiff's criminal
proceeding, are barred by absolute judicial immunity.  See Gallas
v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000)
("[J]udges are immune from suit under section 1983 for monetary
damages arising from their judicial acts.").  Similarly, the
District Attorney and the Assistant District Attorney are
entitled to absolute prosecutorial immunity from plaintiff's
claims because the claims are based on their decision to
prosecute the charges against plaintiff despite the allegedly
forged affidavit of probable cause. See Imbler v. Pactman, 424
U.S. 409, 430 (1976) (prosecutorial immunity shields prosecutors
from liability under § 1983 for "activities [that are] intimately
associated with the judicial phase of the criminal process").
Finally, attorney Breidenbach may not be sued under § 1983
because he is not a state actor.  See Angelico v. Lehigh Valley
Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys
performing their traditional functions will not be considered
state actors solely on the basis of their position as officers of
the court.").

fail.  In § 1983 actions, federal courts apply the statute of
limitations governing personal injury claims in the state where
the cause of action arose.  <u>Wallace v. Kato</u>, 549 U.S. 384, 387
(2007).  In Pennsylvania, where plaintiff's claims arose, the
relevant statute of limitations is two years.  <u>See</u> 42 Pa. Cons.
Stat. § 5524.  The limitations period began running "when the
plaintiff knew or should have known of the injury upon which
[his] action is based."  <u>Sameric Corp. v. City of Phila.</u>, 142
F.3d 582, 599 (3d Cir. 1998).  Furthermore, pursuant to the
prison mailbox rule, a prisoner's complaint is considered filed
at the time he or she hands it over to prison authorities for
forwarding to the Court.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276
(1988); <u>Terrell v. Benfer</u>, 429 F. App'x 74, 75 n.1 (3d Cir. 2011)
(per curiam).

Even assuming that plaintiff did not know of the alleged
problems with the affidavit of probable cause on the date of his
arrest, it is apparent from the complaint and attached exhibits
that he was fully aware of the facts underlying his false arrest
and false imprisonment claims by mid-July of 2010.  However,
plaintiff did not deliver his complaint to prison authorities for
mailing until September 4, 2012, about a month-and-a-half beyond
the expiration of the statute of limitations.  (Compl. at 8.)
Accordingly, plaintiff's false arrest and false imprisonment
claims are time-barred.

A district court should generally provide a pro se plaintiff
with leave to amend unless amendment would be inequitable or

6

futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114
(3d Cir. 2002).  Here, amendment would be futile because it is
apparent that plaintiff's claims are barred by <u>Heck</u> and the
statute of limitations.  Accordingly, plaintiff will not be
permitted to file an amended complaint.

**IV.  CONCLUSION**

     For the foregoing reasons, plaintiff's complaint is
dismissed.  An appropriate order follows.