IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUTHER S. RYALS, JR. | : CIVIL ACTION |
| v. | : |
| MONTGOMERY COUNTY, et al. | : NO. 12-5439 |

MEMORANDUM

STENGEL, J.                                              SEPTEMBER 28, 2012

Luther S. Ryals, Jr., a prisoner incarcerated at the State Correctional Institution at Camp Hill, brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against Montgomery County; the Montgomery County District Attorney; Prince Holloway, an Assistant District Attorney in Montgomery County; the Pottstown Police Department; Detective Edward C. Kropp Sr. of the Pottstown Police Department; Douglas B. Breidenbach, Jr.; Judge Paul W. Tressler of the Montgomery Court of Common Pleas; and Magisterial District Judge Thomas A. Palladino.[1]  Plaintiff seeks to proceed in forma pauperis.  For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff did not list Holloway, Judge Tressler, Judge Palladino, or Detective Kropp in the caption of his complaint as required by Federal Rule of Civil Procedure 10(a).  However, he lists them as defendants on the second page of his complaint and clearly intends to bring claims against them.  Accordingly, the Court will consider them to be defendants in this case.

1

I.  **FACTS**[2]

Plaintiff's claims are based on his arrest, prosecution, and allegedly "illegal" conviction in the Montgomery Court of Common Pleas on various drug-related charges. Plaintiff was arrested in connection with those charges on September 10, 2008. He claims that, at the time of his arrest, the affidavit of probable cause attached to the criminal complaint against him was not signed by a Magistrate Judge. He claims that the document was subsequently altered by Detective Kropp of the Pottstown Police Department, who allegedly forged Magistrate Judge Palladino's signature on the affidavit of probable cause.

Plaintiff asserts that he informed his attorney, Douglas B. Breidenbach, Jr. of the alleged forgery prior to his trial, which commenced on July 28, 2010. Attachments to the complaint reflect that plaintiff raised issues concerning the affidavit of probable cause in a January 22, 2010 letter to Breidenbach, and that he specifically noted the forgery concern in a meeting with Breidenbach on July 15 or 16 of 2010. (Compl. Exs. 5 & 6.) Attorney Breidenbach did not raise the issue with Judge Tressler, who presided over plaintiff's criminal proceedings, although plaintiff himself brought the issue to the Judge's attention. Nevertheless, Judge Tressler "failed to take action on this matter or at the minimum order an investigation" and allowed

---

[2]The following facts are taken from the complaint, the exhibits attached thereto, and the publicly available dockets of plaintiff's criminal proceedings.

plaintiff to be convicted and sentenced despite the alleged problems with the criminal complaint. Plaintiff also asserts that the Assistant District Attorney who prosecuted his case, Prince Holloway, committed prosecutorial misconduct for prosecuting him despite the alleged forgery.

Based on the above facts, plaintiff appears to be asserting false arrest, false imprisonment, malicious prosecution, and possibly due process claims pursuant to 42 U.S.C. § 1983. He asks this Court to order an investigation of the situation, dismiss his criminal sentence, and award him ten-million dollars in damages. He also asks the Court to suspend his lawyer from the practice of law for six to twelve months and to dismiss Detective Kopp from the police force.

## II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

3

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). If an affirmative defense is obvious from the face of the complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff's request that this court vacate his sentence is not cognizable in a § 1983 action and must instead be pursued via a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by

a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff's malicious prosecution and due process claims are premised on what he believes to be constitutional deficiencies in his prosecution that invalidate his convictions and related incarceration. However, the complaint suggests, and publicly available dockets confirm, that plaintiff's convictions have not yet been reversed or otherwise invalidated.[3] Accordingly, the Court will dismiss plaintiff's malicious prosecution and due process claims because they are not cognizable under § 1983.[4]

Plaintiff's false arrest and false imprisonment claims also

---

[3] The docket number for plaintiff's criminal case in the Montgomery County Court of Common Pleas is CP-46-CR-0001198-2009. The docket numbers for his state court appeals are 315 EDA 2011 and 335 EDA 2012.

[4] Additionally, plaintiff's claims against Judge Tressler, which are based on how the Judge handled plaintiff's criminal proceeding, are barred by absolute judicial immunity. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). Similarly, the District Attorney and the Assistant District Attorney are entitled to absolute prosecutorial immunity from plaintiff's claims because the claims are based on their decision to prosecute the charges against plaintiff despite the allegedly forged affidavit of probable cause. See Imbler v. Pactman, 424 U.S. 409, 430 (1976) (prosecutorial immunity shields prosecutors from liability under § 1983 for "activities [that are] intimately associated with the judicial phase of the criminal process"). Finally, attorney Breidenbach may not be sued under § 1983 because he is not a state actor. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

fail. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. The limitations period began running "when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Furthermore, pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Terrell v. Benfer, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

Even assuming that plaintiff did not know of the alleged problems with the affidavit of probable cause on the date of his arrest, it is apparent from the complaint and attached exhibits that he was fully aware of the facts underlying his false arrest and false imprisonment claims by mid-July of 2010. However, plaintiff did not deliver his complaint to prison authorities for mailing until September 4, 2012, about a month-and-a-half beyond the expiration of the statute of limitations. (Compl. at 8.) Accordingly, plaintiff's false arrest and false imprisonment claims are time-barred.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or

6

futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Here, amendment would be futile because it is apparent that plaintiff's claims are barred by Heck and the statute of limitations.  Accordingly, plaintiff will not be permitted to file an amended complaint.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed.  An appropriate order follows.